AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 20CR0861-JLS |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JORGE ARTURO CASTRO-MIRANDA | (COMPASSIONATE RELEASE) |

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 76) and after considering the applicable factors provided in 18 U.S.C. § 3553(a),[1]

IT IS HEREBY ORDERED that the motion is DENIED after complete review of the motion on the merits.

FACTORS CONSIDERED:

The Court finds that Defendant has failed to establish an extraordinary and compelling basis for relief under Section 3582(c)(1)(A)(i). Defendant contends that the conditions of his confinement during the COVID-19 pandemic constitute cruel and unusual punishment beyond what the Court contemplated when it imposed sentence. Although Defendant contracted COVID-19 in 2020 and claims to now suffer chronic lung conditions requiring the use of an inhaler, he fails to demonstrate a serious medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility as his post-COVID lung condition appears to be controlled. Furthermore, the conditions of confinement to which Defendant objects

---

[1] Although the Ninth Circuit has determined that the Sentencing Commission policy statement is not applicable to motions filed by a defendant under the amended § 3582(c)(1)(A), the court recognized that it may inform a district court's discretion. *United States v. Aruda,* 993 F.3d 797 (9th Cir. 2021).

were equally applied to all inmates to contain the spread of COVID-19, and thus do not on their own constitute an extraordinary and compelling reason to justify release.

Defendant further contends compassionate release is warranted because he has a 5-year-old son that needs his help and support. Defendant indicates that his father, who was providing assistance to his son, died in August of 2020. However, Defendant has not demonstrated that the caregiver of his child has become incapacitated, or that that person is the only available caregiver. The desire to provide financial assistance to one's children who are in the care of others, while certainly understandable, does not constitute an "extraordinary and compelling" basis for compassionate release.

Accordingly, Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.

IT IS SO ORDERED.

Dated: June 17, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge